IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                Criminal Action Nos. 5:99CR44 and 5:07CR33
                                                        (STAMP)
AHMID HINTON,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING WITHOUT PREJUDICE
DEFENDANT'S MOTION FOR RECONSIDERATION
OR MODIFICATION OF SENTENCE AND
GRANTING DEFENDANT'S MOTION TO EXPEDITE A RULING**

I. Background

On March 25, 2014, the defendant filed a pro se motion for reconsideration or modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2). In his motion, the defendant requests that (1) this Court direct the Federal Bureau of Prisons ("BOP") to reduce his sentence; (2) his federal sentence be served concurrently rather than consecutively to his underlying state sentence that he is currently serving; and (3) his underlying sentence be reduced by two levels because of the 2007 Crack Cocaine Amendments. On November 19, 2014, the defendant filed a motion to expedite a ruling on the pending motion for reconsideration or modification of his sentence.

In 2000, the defendant pleaded guilty in this Court to one count of possession with intent to distribute crack cocaine in

violation of 21 U.S.C. § 841(a)(1) and one count of retaliating against a witness in violation of 18 U.S.C. § 1513(b)(2). Criminal Action No. 5:99CR44. The defendant was later sentence to 115 months on each count to be served concurrently and three years supervised release on each count to be served concurrently. Id. In 2007, the defendant pleaded guilty to one count of escape in violation of 18 U.S.C. § 751(a)(1) and was sentenced to ten months of imprisonment to be served consecutively to his sentence in Criminal Action No. 5:99CR44. Criminal Action No. 5:07CR33.

In 2008, in consideration of the 2007 Crack Cocaine Amendments to the United States Sentencing Guidelines, the defendant's sentence was reduced to time served on all counts and the defendant was placed on supervised release for three years. The defendant's term of supervised release was later revoked, he served another term of imprisonment, and was again placed on supervised release. In 2012, his supervised release was again revoked because of an underlying state court case in Ohio wherein the defendant was sentenced to a term of two to ten years of imprisonment based on a malicious assault charge. After finding that his supervised release should be revoked, this Court sentenced the defendant to a term of imprisonment of 18 months to be served consecutively to the underlying state court sentence.

For the reasons that follow, this Court finds that the defendant's motion for reconsideration or a modification of his sentence should be denied.

## II. Discussion

The defendant raises three arguments in support of his motion. Those arguments will be discussed in turn.

A. Motion by the BOP

The defendant argues that 18 U.S.C. § 3582(c)(1)(A) applies in this action and that "extraordinary and compelling reasons warrant" a reduction. The section in question states that:

> the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A). A motion to reduce the defendant's term of imprisonment has not been made by the Director of the BOP with this Court. Accordingly, as to this argument, the defendant's motion must be denied without prejudice.

B. Sentence for Revocation of Supervised Release

The petitioner's most recent revocation of his supervised release resulted in a sentence of 18 months to be served consecutively to his underlying state sentence. The defendant has requested that this Court change his sentence to 18 months to be

served concurrently with his state sentence. The defendant further contends that he should then receive time served as he has already served two years of his state sentence.

This Court cannot grant the defendant's request. Although no longer mandatory, the United States Sentencing Guidelines ("U.S.S.G.") provide this Court with persuasive authority as to how a defendant should be sentenced. See <u>United States v. Booker</u>, 543 U.S. 220, 268 (2005). Pursuant to the policy statement in U.S.S.G. § 7B1.3(f):

> Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

This section clearly provides for a consecutive sentence based upon a revocation of supervised release for a defendant that is already serving a sentence of imprisonment. The defendant has provided no reason why this provision should not have been followed by this Court. Accordingly, this argument also fails.

C. <u>Application of the Crack Reduction</u>

This Court has already granted a two-level reduction pursuant to the 2007 Crack Cocaine Amendments. Criminal Action No. 5:99CR44, ECF No. 44. Because of this reduction, the defendant received a reduced sentence of time served and was released. Thus,

this Court finds that the defendant's argument as to a reduction pursuant to the Crack Cocaine Amendments is without merit.

III. Conclusion

For the reasons set forth above, this Court finds that the defendant's motion for reconsideration or modification of his sentence should be DENIED WITHOUT PREJUDICE. This Court notes that it is denying without prejudice so that in the future, if the Director of the BOP were to file a motion for a reduction of sentence on the defendant's behalf, such a motion might still be considered.

Further, the defendant's motion to expedite a ruling on his motion is GRANTED as this Court expeditiously resolved his motion for reconsideration after his motion to expedite was filed.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se defendant by certified mail and to counsel of record herein.

DATED: November 21, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE